

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00061-CR

MICHAEL WINSLOW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. CR11796, Honorable Stephen E. Bristow, Presiding

July 16, 2025

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Michael Winslow, appeals from the trial court's judgment adjudicating him guilty of indecency with a child by sexual contact and the imposition of a 15-year prison sentence. Through one issue, he contends the trial court erred in finding sufficient evidence to revoke his community supervision and adjudicate his guilt.[2] We affirm.

---

[1] This case was transferred to this court from the Second Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] The State did not favor the court with an appellee's brief.

### Background

Appellant was charged with one count of indecency with a child by sexual contact and pleaded guilty in exchange for deferring the adjudication of guilt. As part of his community supervision, he was required to abide by certain terms and conditions to which he voiced no objection. One such condition directed him to "[a]bstain from the use of and do not possess any alcoholic or intoxicating beverage . . . ."

The State moved to adjudicate appellant's guilt, alleging he violated the foregoing condition regarding alcohol, among others. At the hearing on the State's motion, appellant pleaded "not true" to each. To support its position that appellant violated the conditions, the State offered the testimony of appellant's community supervision officer and a licensed professional counselor and sex offender provider. The witnesses testified to appellant's violation of several conditions.

At the close of the hearing, the court found appellant violated several terms and conditions as alleged by the State and adjudicated him guilty of indecency with a child by sexual contact. Appellant was then sentenced to serve 15 years in prison.

### Standard of Review

We review a trial court's decision to adjudicate guilt under the standard of abused discretion. *Green v. State*, Nos. 07-19-00411-CR, 07-19-00412-CR, 07-19-00413-CR, 2021 Tex. App. LEXIS 5589, at *7 (Tex. App.—Amarillo July 14, 2021, pet. ref'd) (mem. op., not designated for publication). The standard, as we described in *Green*, is applied here. So too must we remember that a single violation supports revocation. *Id.* at *7-8.

### Application

By one issue, appellant contends the State failed to adequately prove any violation of his community supervision. We overrule the issue.

At the hearing, the trial court heard evidence of appellant's admission to his community supervision officer about drinking alcoholic beverages on about four occasions. In arguing that such was not evidence of a violation, appellant suggests that the condition did not prohibit such minimal ingestion of alcohol. Allegedly, "[t]he Condition indicates that Winslow should abstain, but does not require total abstinence." While the word "total" is omitted from the condition's language, so too are words like more than nominal or habitual. Rather, he was directed to "[a]bstain from the use of and do not possess **any** alcoholic or intoxicating beverage." (Emphasis added). "Abstain" connotes refrain, desist, forbear, and like concepts describing the act of not doing something. And, "any" means just that, any. Appellant did something prohibited under the conditions of his community supervision. In occasionally drinking he failed to "abstain," refrain, desist, and forbear from the use of "any" alcohol. And, as noted, proof of one violation supports an adjudication of guilt. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Thus, the trial court had before it more than some evidence upon which a rational factfinder could reasonably conclude that he violated a condition of his community supervision and, therefore, adjudicate appellant guilty.

We affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

3